UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESHON A.R. SMITH, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:22-1319 |
| v. | : | (JUDGE MANNION) |
| C/O CLAWSON et al., | : | |
| Defendants | : | |

## MEMORANDUM

On August 19, 2022, the above captioned civil rights action filed by Plaintiff, Deshon A.R. Smith, pursuant to 42 U.S.C. §1983, was transferred from the United States District Court for the Eastern District of Pennsylvania to the United States District Court for the Middle District of Pennsylvania, (Doc. 9), where it was received on August 23, 2022. (Doc. 10). By Order dated November 2, 2022, service of process was issued, (Doc. 16), but no answer or other responsive pleading has been filed to date. On December 7, 2022, Plaintiff filed a motion to withdraw the above captioned action. (Doc. 20).

This Court has an obligation to liberally construe *pro se* pleadings and other submissions. See generally Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–46 (3d Cir. 2013). Although Smith does not cite the rule itself, it is clear to the Court that the intent of his motion is to effect the voluntary

dismissal of this action, without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 41(a)(1).

"Rule 41(a)(1) allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention." Manze v. State Farm Ins. Co., 817 F.2d 1062, 1065 (3d Cir. 1987). Specifically, Rule 41(a)(1) provides, in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.... Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1).

Without exception, the effect of the filing of a Rule 41(a)(1) notice of voluntary dismissal before service of an answer or a motion for summary judgment is "automatic when the defendant does not file a response, and no order of the district court is needed to end the action." In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir. 2008). Moreover, "the notice results in dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case." Id. "[T]he defendant has only two options for

cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment." Id.

As the Third Circuit has further explained:

> The Rule "affixes a bright-line test to limit the right of dismissal to the early stages of litigation," which "simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." Up to the "point of no return," dismissal is automatic and immediate—the right of the plaintiff is "unfettered." A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it. A proper notice deprives the district court of jurisdiction to decide the merits of the case.

Id. at 165–66 (citations omitted) (quoting other sources).

Because the Defendants have not filed an answer to the complaint, or a motion for summary judgment, Smith's motion requesting dismissal of this action (Doc. 20), liberally construed as a Rule 41(a)(1) notice of voluntary dismissal, is "self-effectuating" and thus acts to terminate the action. See Aamot v. Kassel, 1 F.3d 441, 445 (6th Cir. 1993) (holding that a Rule 41(a)(1) notice is "self-effectuating"). An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 12, 2022**
22-1319-01